**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4459**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

FREDRICK EUGENE HUGHES,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:07-cr-00359-RBH-1)

Submitted:  December 3, 2008      Decided:  December 16, 2008

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South
Carolina, for Appellant.  Rose Mary Sheppard Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Frederick Eugene Hughes pled guilty to two counts of using and carrying a firearm, during and relation to and in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Hughes was sentenced to the statutorily required minimum term of seven years' imprisonment on the first count and received the statutorily required consecutive minimum term of twenty-five years' imprisonment on the second count. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Hughes' guilty plea. Hughes was informed of his right to file a pro se supplemental brief, but he has not done so.

Because Hughes did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Hughes' guilty plea and that the court's omissions did not affect Hughes' substantial rights. Critically, the transcript reveals that the district court

ensured the plea was supported by an independent factual basis and that Hughes entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Further, Hughes does not suggest that he would have declined to plead guilty had the district court's Rule 11 colloquy been more exacting. Accordingly, we discern no plain error.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED